IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CODY J. HASTINGS                                                    PLAINTIFF

v.                          Civil No. 3:24-cv-03050

SHERIFF JOHN MONTGOMERY; and
SERGEANT T. MAZE, Jail Administrator                               DEFENDANTS

## OPINION

This civil rights action was filed by Plaintiff pursuant to 42 U.S.C. § 1983.   Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").   The case is before the Court on Plaintiff's failure to obey the Orders of this Court.   The parties have consented to the undersigned's jurisdiction. (ECF No. 21).

## I.       DISCUSSION

Plaintiff filed his Complaint to initiate this action on November 12, 2024.   (ECF No. 2). Plaintiff was incarcerated in the Baxter County Detention Center ("BCDC").   *Id.* at 1.   The Complaint was initially filed in the Eastern District of Arkansas.   On November 13, 2024, the case was transferred to this Court.   (ECF No. 4).   When Plaintiff's IFP motion was granted, he was advised that he must keep the Court of his current address.   (ECF No. 11).   Plaintiff was further told that failure to do so would subject this case to dismissal.

A Bench Order was issued on February 11, 2025, advising Defendants that if they wished to raise a defense of failure to exhaust administrative remedies, they must file a summary judgment motion by April 14, 2025.   (ECF No. 20).   On April 11, 2025, Defendants timely filed a Motion for Summary Judgment.   (ECF Nos. 21-24).   The same day, an Order was entered directing Plaintiff to respond to the summary judgment motion by May 2, 2025.   (ECF No. 25).   Plaintiff

1

was given explicit instructions regarding what was required by him to file a response in accordance with Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff did not file a response to the Motion for Summary Judgment.   On May 5, 2025, a Show Cause Order was entered.  (ECF No. 26).   Plaintiff was given until May 27, 2025, to show cause why he failed to obey the Order of the Court.   Plaintiff was advised that if he failed to respond to the Show Cause Order, the case **shall** be subject to dismissal.   On May 22, 2025, the Show Cause Order was returned as undeliverable with a notation he was no longer at the BCDC.  (ECF No. 27).   This gave Plaintiff thirty days or until June 23, 2025, to provide the Court with a new address.   No new address has been submitted.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.   *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).   The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.   Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).   Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).   Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.    CONCLUSION

For these reasons, this case will be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to prosecute this

2

case; his failure to obey the orders of the Court; and his failure to comply with Local Rule 5.5(c)(2).

A separate judgment in accordance with this opinion will be entered this same day.

**DATED** this 26th day of June 2025.

*s/ Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

3